STATE OF IOWA v. J. H. MATEER, *et al.*, Appellants.

**Mulct Law.** The "freeholder" whose consent is necessary, need not live on the realty lying within fifty feet of the premises where liquor is sold. It is sufficient if he own such land and live in the city. The "fifty feet" of the statute are measured from the very room in which the liquor is sold and not from the house containing the room, in cases where the house is and the room is not in said limit, the lease being for said room alone.

CONSENT. A paper reading "petition and consent under section 17, known as the 'mulct law.' To the county auditor : The undersigned residents and voters of Oskaloosa, Iowa, petition a consent that said city shall be put under the operations of the provisions of said law" is a sufficient written consent of the voters required by Chapter 62, Acts Twenty-fifth General Assembly.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

TUESDAY, APRIL 2, 1895.

Action in equity to enjoin the continuance of an alleged liquor nuisance. Decree for plaintiff. Defendants appeal.—*Reversed.*

*W. W. Haskell* for appellants Campbell and Middlesworth.

*L. C. Blanchard* for defendant Mateer.

*B. W. Preston* for appellee.

Kinne, J.—I. There is very little disagreement as to the facts in this case. Plaintiff claims that the defendants Campbell and Middlesworth are operating a saloon in the city of Oskaloosa, Iowa, in violation of law, in that they have not filed with the county auditor

a written statement of consent of all the resident free-holders owning property within fifty feet of the premises where said business is carried on, viz., the consent of R. P. and P. A. Bacon.   Many other allegations are made in the petition, but there is no evidence tending to sustain them.   Defendants answer, denying any violation of the law, and averring that defendant Campbell, who owns the saloon, has complied with all the requirements of the so-called Mulct Law.   They deny that Bacon's lot and building are within fifty feet of the premises actually occupied as a saloon by Campbell. The facts about which there is no contention are that Campbell is the saloon keeper, and that defendant Middlesworth is his clerk; that prior to the lease of the premises to Campbell, or his occupancy of them, the title had been in defendant J. H. Mateer, to the middle one-third of lot five in block twenty-eight in the city of Oskaloosa, Iowa; that a portion of this lot was within fifty feet of Bacon's building and lot.   A brick building was erected by J. H. Mateer upon this lot, and a portion of this building was within fifty feet of Bacon's building and lot.  The Bacons did not sign a consent.   J. H. Mateer ran a tight board partition across the room in the first story of his building, in such a manner that a room was partitioned off, no part of which was within fifty feet of Bacon's lot or building.   This room was leased to Campbell, and in it he ran his saloon.   Prior to executing this lease to Campbell, J. H. Mateer deeded the rest of the lot and building to his mother, who still holds title thereto.   Campbell has no lease to or use of any part of the building which is within fifty feet of the Bacon lot or building.   There is no door or other opening from the room occupied by Campbell into the other part of the building.   The second story of the building is not divided as is this first story, and the second story has never been occupied.

II.  Three questions are presented for our consideration:  First.  Does the law as to consent of resident freeholders owning property within fifty feet of the premises where a saloon is carried on mean such freeholders as actually reside on the property, or does it contemplate a residence in the city, simply?  Second.  Does the law require a consent from all such freeholders whose lots or buildings are within fifty feet of the lot or building in which the saloon business is carried on, or is it such only as own real estate within fifty feet of the place or room in which the business is conducted?  Third.  Is the consent filed with the auditor sufficient in form?

By section 17, chapter 62, Acts Twenty-fifth General Assembly, it is provided that, before the payment of the tax provided for in said chapter shall be a bar to proceedings under the prohibitory liquor laws, the person appearing to pay the tax "shall file with the county auditor, a * * * written statement of consent from all resident freeholders owning property within fifty feet of the premises where said business is carried on."  In this case the room in which the business was carried on was not within fifty feet of the property of Bacon, whose consent the state insists was necessary.  The evident intent of the statute was that no saloon should be operated within fifty feet of the real property of any resident freeholder, without such owner should consent thereto.  It seems to us that in a case like this, where "the premises" leased for the saloon and "the premises" occupied by it are in fact more than fifty feet from Bacon's property, their consent was not necessary.  It would be otherwise, had Campbell leased the entire building or lot, portions of which were within fifty feet of Bacon's.  In this case the lease is of a part of a building, with no means of access from the saloon into the other part.  Suppose Mateer had leased

the part not occupied by the saloon for a tailor shop, for instance. Could it be successfully contended that the "premises" contemplated by the statute embraced the entire building and lot, though a tenant other than the saloon keeper was using and occupying the only part of the lot or building which was within fifty feet of Bacon's property? It seems to us not. Nor need the freeholders mentioned in the statute in fact live on the premises, in order to be within the protection of the statute. Bacon and his wife both resided in the city of Oskaloosa. That constituted them "resident freeholders," within the contemplation of the law, and, had their property been within fifty feet of Campbell's place, they would have been necessary parties to the consent before he could have operated his saloon.

The statute requires "a written statement of consent signed by a majority of the voters residing in said city who voted at the last general election" to be filed with the county auditor. It is insisted that the statement of consent filed was not in compliance with the law. Section 17, chapter 62, Acts Twenty-fifth General Assembly. The statement was as follows: "Petition and Consent under Section 17, Known as the 'Mulct Law.' To the County Auditor: The undersigned, residents and voters of Oskaloosa, Iowa, respectfully petition and consent that said city of Oskaloosa shall be put under the operation of the provision of said law as early as practicable." Though inartificially drawn, this is a substantial compliance with the law. It refers to the law itself,—to the very section providing for such consent, and wherein are found stated the conditions upon which the provisions of the statute relating to the sale of intoxicating liquors shall be barred. The intention of those who signed this paper was certain. They must have understood that thereby they consented to the sale of liquors in the city

of Oskaloosa by any person who complied with the provisions of the so-called Mulct Law. The writer is of the opinion that some of the provisions of this law are unconstitutional, as a delegation of legislative power to the people, but that question is not raised in this case. On the record, as made, the decree of the district court should have been for the defendants.—*Reversed.*